# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ARIANA MASON,

Plaintiff(s),

v.

OFFICER S. IZZO, et al.,

Defendant(s).

Case No. 2:15-CV-738 JCM (NJK)

ORDER

Presently before the court is plaintiff Ariana Mason's motion for Federal Rule of Civil Procedure 54(b) certification. (ECF No. 36).

On December 22, 2016, the court entered an order granting summary judgment in favor of defendants on plaintiff's § 1983, *Monell*, and negligent training and supervision claims. (ECF No. 26).

In the instant motion, plaintiff moves for Rule 54(b) certification on the federal claims against defendants the Las Vegas Metropolitan Police Department and officer Izzo and for a stay pending certification. (ECF No. 36). Plaintiff argues that 54(b) certification is proper to allow her federal claims to be resolved by the Ninth Circuit prior to trial going forward on her state law claims. (ECF No. 36).

Federal Rule of Civil Procedure 54(b) provides as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

**James C. Mahan**
**U.S. District Judge**

Fed. R. Civ. P. 54(b).

Moreover, the Ninth Circuit has found that "[a] similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

Here, plaintiff fails to set forth any harsh or unjust results in absence of a Rule 54(b) certification. Further, plaintiff fails to explain why she waited over six months before filing the instant motion. Pursuant to the pretrial order entered April 10, 2017, trial has been set for October 30, 2017. (ECF No. 33).

In light of the foregoing, the court declines to certify its December 22nd order and will deny plaintiff's motion.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for Federal Rule of Civil Procedure 54(b) certification (ECF No. 36) be, and the same hereby is, DENIED.

DATED June 20, 2017.

_____
UNITED STATES DISTRICT JUDGE